# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

JEROME HAMPTON,                                    Civil Action No._____

### Plaintiff

v.

JAMES B. COMEY, ET. AL.
DIRECTOR OF FEDERAL BUREAU OF INVESTIGATIONS
FEDERAL BUREAU OF INVESTIGATIONS
935 PENNSYLVANIA AVE.
WASHINGTON, DC 20535

ANNE MARY CARTER
WARDEN, BUREAU OF PRISONS-MORGAN TOWN, WEST VIRGINIA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MORGAN TOWN, WEST VIRGINIA 26507

TIMOTHY J. ERVIN, FBI Special Agent
FEDERAL BUREAU OF INVESTIGATIONS
935 PENNSYLVANIA AVE.
WASHINGTON, DC 20535

BRIAN MUMBFORD, FBI Special Agent
FEDERAL BUREAU OF INVESTIGATIONS
935 PENNSYLVANIA AVE.
WASHINGTON, DC 20535

ALYSON SAMUELS, FBI Special Agent,
FEDERAL BUREAU OF INVESTIGATIONS
935 PENNSYLVANIA AVE.
WASHINGTON, DC 20535

TUCKER G. VANDERBUNT, FBI Special Agent
FEDERAL BUREAU OF INVESTIGATIONS
935 PENNSYLVANIA AVE.
WASHINGTON, DC 20535

RYAN M. PARDEE,  FBI Special Agent,
FEDERAL BUREAU OF INVESTIGATIONS
935 PENNSYLVANIA AVE.
WASHINGTON, DC 20535

DR. WATERS, M.D
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MORGAN TOWN, WEST VIRGINIA 26507

CHARLES E. SAMUEL
DIRECTOR FEDERAL BUREAU OF PRISONS
320 FIRST STREET, N.W.
WASHINGTON, DC 20534J

JOHN DOE
PHYSICIAN FCI MORGAN TOWN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MORGAN TOWN, WEST VIRGINIA 26507

_____DEFENDANTS_____

## COMPLAINT

## I.

## JURISDICTION

1.This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, as hereinafter more fully applies.

2. Jurisdiction is conferred upon this court by 28 U.S.C. §1346(b).

3. Pursuant to 28 U.S.C. § 2675(a) the claim set forth herein was presented to

Federal Bureau of Investigations and Federal Bureau of Prisons on Jan 27, 2014.

4. On  April 25, 2014, Federal Bureau of Investigations denied the Administrative Claim.

More than six month before this action was instituted, the claim set forth herein was presented to [Federal Bureau of Prisons ]. Said agency having failed to make a final disposition of the claim within that time , plaintiff deems such failure to be a denial thereof.

## II.

## VENUE

5. Venue is in the Federal Court District of Columbia pursuant to 28 U.S.C. § 1402(b).

# III.

# PARTIES

6. Plaintiff Jerome Hampton, is a United States citizen, currently living in Upper Marlboro, Maryland.

7. Plaintiff was a prisoner of the Federal Bureau of Prisons from September, 2010, until July, 2013. In June, 2013, Plaintiff's conviction was overturned by the United States Court of Appeals for the District of Columbia Circuit .

# IV.

# DEFENDANTS

8. Defendant Anne Mary Carter is the Warden of BOP Morgan Town, West Virginia, She is legally responsible for the operation of BOP Morgan Town, West Virginia, and the welfare of all the inmates of that prison, and Laws of the United States and the State of West Virginia.

9. Defendant Timothy J. Ervin, is FBI Special Agent, in the Washington D.C. ,area. He is legally responsible for upholding the Laws of the United States and the State of Maryland.

10. Brian Mumford, FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland.

11. Alyson Samuels, FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland.

12. Tucker G. Vanderbunt, FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland,

13. Dr. Waters, M.D. Federal Bureau of Prisons, in the State of West Virginia, is a Licensed Physician.

14. Charles E. Samuels Jr, Director of the Federal Bureau of Prisons, is responsible for, the operation of the Bureau of Prisons.

15. James B. Comey, Director of the Federal Bureau of Investigation, he is responsible for the operation of the Federal Bureau of Investigations.

16. John Doe-Physician Assistants, Federal Bureau of Prisons, in the State of West Virginia , is a Licensed Physician Assistants.

# V.

# FACTS

17. Plaintiff is African American.

18. On June 19, 2007, at approximately 6:00,am, Plaintiff was arrested, at his house, by Agents of the  Federal Bureau of Investigations and a Female Police Officer of Prince George's County ,the State of Maryland.

19. On June 19 ,2007, at approximately 6:00,am, Plaintiff asked to see  the arrest warrant, from the Agents of the  Federal Bureau of Investigations and the  Female Police Officer of Prince George's County the, State of Maryland.

20. On June 19, 2007, at approximately 6:00,am, Agents of the Federal Bureau of Investigations and the Female Police Officer of Prince George's County, the State of Maryland, refused to produce the arrest warrant.

21. Agents of the Federal Bureau of Investigations and the Female Police Officer of Prince George's County, the  State of  Maryland,  restrained Plaintiff of his liberty by words and acts that Plaintiff feared to disregard.

22.  Agents of the Federal Bureau of Investigations and  Female Police Officer of  Prince George's County, the State of Maryland, did not witness Plaintiff commit felony or breach of peace.

23. On June 19, 2007, at approximately 6:00,am, Agents of the Federal Bureau of Investigations entered the private  home of the Plaintiff , without producing a search warrant.

24. On June 19 ,2007, at approximately 6:00,am, Plaintiff's minor children were placed in handcuffs, by  Agents of the Federal Bureau of Investigations.

25. On June 19, 2007, at approximately 6:00,am,  Plaintiff's  minor children were removed from house in handcuffs, and placed on their knees outside the home by Agents of the Federal Bureau of Investigations.

26. Agents of the Federal Bureau of Investigations and Female Police Officer of  Prince George's County, the State of Maryland, did not witness Plaintiff's  minor children commit felony or breach of peace.

27. On June 19, 2007, at approximately 6:00,am, Agents of the Federal Bureau of Investigations, searched Plaintiff's house.

28. On June 19 ,2007, Plaintiff was transported from the State of Maryland  to Washington D.C. Jail, by Agents of  the Federal Bureau of Investigation.

29. On June 19, 2007, Plaintiff was not taken before a Federal Magistrate in the State of Maryland.

30. On June 19 ,2007, Plaintiff was denied access to the Federal Courts in the State of Maryland, after being arrested.

31. On June 19 ,2007, Plaintiff was not taken before a Local Judge in the State of Maryland.

32. On June 19, 2007, Plaintiff was denied access to the State Courts in the State of Maryland, after being arrested.

33. On June 19, 2007, Plaintiff was removed from the State of Maryland by Agents of the Federal Bureau of Investigations, without Extradition Hearing.

34. The restraint of Plaintiff 's liberty caused other damages: inconvenience and discomfort, loss of time, mental suffering, injury to reputation, distress and anguish, humiliation, public ridicule, and public disgrace.

35. The Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, cause Malicious Prosecution of Plaintiff, in a criminal proceedings for an improper purpose without probable cause, by investigation.

36. Because of action, by Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, Plaintiff was Sentence to False Imprisonment, in the Federal Bureau of Prisons, Morgan Town, West Virginia, year 2010.

37. The Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, caused intentional infliction of emotional distress, to Plaintiff.

38. On July 15, 2013, Defendant Anne Mary Carter who is the Warden of BOP Morgan Town, West Virginia, is legally responsible for the operation of BOP Morgan Town, West Virginia, and the welfare of all the inmates of that prison.

39. On July 15, 2013, Plaintiff went to Prison Health Care, for a Nerve Issue.

40. On July 15, 2013, He was seen by John Doe-Physician Assistant, Federal Bureau of Prisons, in the State of West Virginia , he is a Licensed Physicians Assistant.

41. On Plaintiff's second visit to Prison Health Care, he was seen by Dr. Waters M.D. Federal Bureau of Prisons, in the State of West Virginia, he is a Licensed Physician.

42. Plaintiff was left in pain, after being treated by Dr. Water, MD and John Doe-Physicians Assistant. If the defendants Dr. Water M.D. and John Doe-Physician Assistant were a private person, it would be liable to the plaintiff in accordance with the law of the state of West Virginia.

5

# VI.

## COUNT ONE

## Malicious Prosecution, Maryland Code (1987), 1998, Rep.vol.,2000 Supp. ) Section 5-301 of the Court Local Government Tort Claims Act Hereafter "LGTCA"

43. Plaintiff incorporates paragraphs 1-42 above.

44. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, false and malicious prosecution action have caused Plaintiff to sustain damages.

45. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, actions against Plaintiff were made with a callous indifference to Plaintiff.

46. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, Malicious Prosecution wrongful conviction of Plaintiff was dismissed by the United States Appeal Court.

## COUNT TWO

## Conspiracy to Abuse Process, Maryland Code (1987), 1998, Rep.vol.,2000 Supp. ) Section 5-301 of the Court Local Government Tort Claims Act Hereafter "LGTCA"

47. Plaintiff incorporates paragraphs 1-46 above.

48. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, conspired to engage in a pattern of filing criminal charges against Plaintiff, all of which have been dismissed, for the purpose of creating false narratives about Plaintiff that harmed Plaintiff's, business interests and his family. These filings have been done with malice and without probable cause.

## COUNT THREE

## False Light Invasion of Privacy

49. Plaintiff incorporates paragraphs 1-48 above.

50. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, falsely depicted Plaintiff as Drug Dealer and Drug Trafficker.

51. The false light in which  Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, placed Plaintiff would be considered highly offensive to a reasonable person.

52. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, were each complicit in and responsible for casting plaintiff in a false light.

53. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, knew that their actions and statements had the effect of casting Plaintiff in a false light but nevertheless continued to do so week after week, article after article were printed in the Washington Post News Paper.

54. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, portrayal of Plaintiff in a false light, as stated above, caused substantial injury to Plaintiff's reputation, business interests, and mental well-being.

55.Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, placing Plaintiff in a false light has caused plaintiff to sustain  substantial damages.

56.Thus, Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, acted with an improper and outrageous motive or careless indifference to Plaintiff's rights and interests. Defendants' outrageous conduct warrants the imposition of significant punitive damages.

## COUNT FOUR

## Infliction Of Emotional Distress

57. Plaintiff incorporates paragraph 1-56 above.

58. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, by engaging in a multi-year course of conduct of malicious prosecution, invasion of privacy, false imprisonment, and  conspiracy, have caused Plaintiff infliction of emotional distress,

59. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, have said that they want to destroy Plaintiff, to ruin his family and business and to see him imprisoned. They have created false narratives and filed malicious criminal charges in order to harm Plaintiff.

## COUNT FIVE

## False Imprisonment , Maryland Code (1987), 1998, Rep.vol.,2000 Supp. ) Section 5-301 of the Court Local Government Tort Claims Act Hereafter "LGTCA"

60. Plaintiff incorporates paragraph 1-59 above.

61. Plaintiff detention, was in a bounded area without justification and consent, by . Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee.

62. Plaintiff detention was governmental in natural.

63. Plaintiff detention was by physical barriers.

64. The . Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, used physical force to False Imprisonment Plaintiff.

## COUNT SIX

## WEST VIRGINIA CODE CHAPTER 55, ARTICLE 7B MEDICAL PROFESSIONAL LIABILITY

65. Plaintiff incorporates paragraph 1-64 above.

66. Plaintiff was not provided the standard of care, by Defendant Dr. Water M.D., for his injuries of July 15,2013.

67. Plaintiff was not provided the standard of care, by Defendant John Doe- Physician Assistant, for his injuries  of July 15,2013.

## VII.

## DAMAGES

1. Plaintiff has suffered the following injuries for which he seeks full compensation under the law:

a. Costs incurred in preparing and filing Lawsuit.

b. Malicious Prosecution

c. Abuse Process

d. Invasion of Privacy

e. Emotional distress and humiliation; and

f. financial loss of prospective contract, when there was and remains a shortage of qualified African American in Plaintiff field of business.

g. False Imprisonment

h. Medical Malpractice.

## VIII.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff JEROME HAMPTON  is entitled to damages from the defendants , and he does hereby pray that judgment be entered in his favor and against the defendants in the sum of the amount enter in the administrative claim.

DATE : SEPTEMBER 23, 2014

Respectfully Submitted

_JEROME HAMPTON_ Plaintiff

Raymond J. Vanzego, Jr Esquire

Attorney for the Plaintiff

9450 Pennsylvania, Ave, Suite 5

Upper Marlboro, MD 20772

301.599.0003